> Application granted. All deadlines in this matter are temporarily stayed until February 25, 2025. By February 25, 2025, Plaintiff shall file a letter via ECF not to exceed five pages advising the Court of the status of the stay in the bankruptcy proceeding.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> January 23, 2025

January 22, 2025

Hon. Philip M. Halpern,
United States District Co[urt]
500 Pearl Street
New York, NY 10007-13[12]

By Electronic Filing.

Re:   O[ ... ]

Dear Judge Halpern:

My firm, with co-counsel, represents Plaintiff in the case above. I write given a development in the Wellpath bankruptcy proceedings in *In re: Wellpath Holdings, Inc., et al.*, 24-90533 (Bankr. S.D. Tex.) ("*In re Wellpath*").

At the time of filing, no party here was subject to the automatic bankruptcy stay, and Plaintiff did not name Wellpath because of that stay — subject to the automatic pause of the statute of limitations in 11 U.S.C. § 108(c). *See, e.g.,* ECF No. ¶ 2 n. 2.

Since then, the Court in *In re Wellpath* has issued a superseding stay order that states (among other things) that "[a]ny claims or causes of action that have been or may be asserted against … or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025." *In re Wellpath*, Order, ECF No. 962 ¶ 2.[1]

Given that Order, Plaintiff understands either the claims against all parties besides Orange County and New York Correct Care Solutions are stayed. In the interest of efficiency, and given the fact that the stay is on a short, interim basis (for now, at least), Plaintiff asks the Court to briefly stay the case generally — in order to keep all issues in line — subject to a status report to be filed after February 18, 2025. Currently, the only deadline impacted by that stay would be the time to serve Orange County and NY Correct Care Solutions, since the time to serve the individual Defendants is now stayed by the Order in *In re Wellpath*.

If the Court would prefer some other way to address the stay, Plaintiff is also happy to discuss or take whatever action the Court would prefer.

As always, I thank the Court for its continued time and attention.

---

[1] Defendant New York Correct Care Solutions Medical Services, P.C. shares a name with other Wellpath corporations. However, it is not listed in *In re Wellpath* in any of the stay orders as one of the defined "Professional Corporations" that the stay applies to. *See e.g., id.,* ¶ 2 n. 4; *see also,* ECF No. 1 ¶ 13 n. 3.



                                      Respectfully submitted,

                                          /s/
                                    _____
                                    J. Remy Green
                                        *Honorific/Pronouns: Mx., they/their/them*
                                    **COHEN&GREEN P.L.L.C.**
                                    *Attorneys for Plaintiffs*
                                    1639 Centre St., Suite 216
                                    Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com