

# ORANGE COUNTY DEPARTMENT OF LAW

**RICHARD B. GOLDEN**
COUNTY ATTORNEY

Steven M. Neuhaus
County Executive

Carol C. Pierce
*Deputy County Attorney*

<u>Municipal Law Division</u>

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Joseph F. Mahoney   Holly L. Reinhardt
Marina V. O'Neill   Donna M. Badura
Lisa M. James       Stephanie T. Midler
Lia E. Fierro       Lisa M. Morgillo
Cedric A. Cooper    William S. Badura
Dante D. De Leo

<u>Family Law Division</u>

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
Peter R. Schwarz         David S. Meffert
Linda P. DaSilva         Stephanie Bazile
Ferol L. Reed-McDermott  Michael Rabiet
Karen A. Amundson        Tammy A. Delile
Eve I. Lincoln           Rebecca McGee
Stephen Toole

June 4, 2025

*Via ECF Only*
Honorable Philip M. Halpern
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

    Re:    Request for Conference - Pre-Answer Motion to Dismiss
             Vargas (v) Orange County et al.
             Case No.: 7:25-cv-00064 (PMH)

Dear Judge Halpern:

This office represents Defendant Orange County. On May 15, 2025, Plaintiff served Orange County with a Summons and Complaint, directing Defendant to respond within 21 days. Pursuant to the Court's Individual Rules of Practice, on May 23, 2025, we sent a letter to Plaintiff's counsel setting forth what we believed to be specific pleading deficiencies in the Complaint that would warrant dismissal. On June 2, 2025, we received a response from

Plaintiff's Counsel seeking sixty days to file an Amended Complaint.[1] A joint request was sent to the Court, which was denied (*See* Court Document 14). On June 3, 2025, counsel for Wellpath has represented to this Court that the stay against the non-debtor defendants has now been terminated.[2] As such, pursuant to the Court's Individual Rules of Practice, this letter shall serve as our request for a pre-motion conference as to our intent to file a motion to dismiss Plaintiff's Complaint against Orange County on the grounds specified below, *inter alia.*

**Failure to Plead Monell Claim.** It is well settled that there is no *respondeat superior* liability in §1983 litigation. *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978). A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Rather, "governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988). The Plaintiff must identify a municipal "policy" or "custom" that caused the injury. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 397 (1997)

Plaintiff must allege one of the following to satisfy *Monell*: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by

---

[1] Unbeknownst to us, the Court had previously issued a stay, until July 14, 2025 for Plaintiff to serve Defendants based on Plaintiff's representations of Wellpath's bankruptcy stay. Plaintiff then requested Summonses and served Orange County soon thereafter.

[2] *See* Case 7:23-cv-06959(NSR), Document 56; Case 7:22-cv-01697(CS), Document 73; Case 7:24-cv-04626 (PMH), Document 52; and Case 7:24-cv-06855 (CS), Document 92

policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010). Conclusory allegations of municipal customs and practices are insufficient to assert a *Monell* claim. *McClean v. County of Westchester*, (CS) 2018 WL 6329420 (S.D.N.Y. Dec. 3, 2018). Moreover "a plaintiff also must establish a ***causal link*** between the municipality's policy, custom or practice and the alleged constitutional injury." *Tieman v. City of Newburgh,* (No. 13-CV-4178 (KMK)), 2015 WL 1379652 at *13 (S.D.N.Y. March 26, 2015) (emphasis added). Finally, "mere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom ***unless supported by factual details."*** *Id.* (emphasis added).

References to complaints and lawsuits without an adjudication of liability are wholly insufficient. Mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability. *Bethune v. Westchester Cnty.*, No. 18-CV-3500 (NSR), 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020).

Since the Complaint is completely devoid of any *municipal* policies or customs, the first and fifth claims against Orange County warrant dismissal.

**Use Of Group Pleading Is Insufficient To State A Claim.** Complaints that rely on "group pleading" and "fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim. *Leneau v. Ponte*, No. 1:16-CV-776-GHW, 2018 WL 566456, at 15 (S.D.N.Y. Jan. 25, 2018) *citing Adamou v. Cty. of Spotsylvania, Va.*, No. 12-cv-7789 (ALC), 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) (citing *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001) (observing that Federal Rule of Civil Procedure

3

8 "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests," and that a complaint fails to meet that minimum where it "lump[s] all the defendants together in each claim and provide[s] no factual basis to distinguish their conduct")). Plaintiff's use of group pleading throughout the Complaint is therefore insufficient to state a claim.

**Orange County Is Not Vicariously Liable For The Negligent Acts of Contract Service Providers.** To the extent claims two through four are brought against Orange County on a theory of *respondeat superior*, Orange County is not liable for the acts contract service providers. *See Flannery v. Cnty. of Niagara*, 763 F. Supp. 3d 364, 441 (W.D.N.Y. 2025) (any medical malpractice claim arising from medical services provided by PrimeCare, specifically, Dr. Cervantes, would not attach to Niagara County by reason of *respondeat superior*) *citing Blanca C. v. Nassau County*, 103 A.D.2d 524, 528-533 (2d. Dep't 1984) (counties and private contractors are not vicariously liable for the negligent acts of contract service providers); *see also Bennett v. State Farm Fire & Cas. Co.*, 198 A.D.3d 857 (2d. Dep't 2021) ("In most cases, a party who retains an independent contractor is not liable for the independent contractor's negligent acts."); *Brothers v. New York State Elec. & Gas Corp.*, 11 N.Y.3d 251, 257 (2008) (Generally, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" *citing Kleeman v. Rheingold,* 81 N.Y.2d 270, 273 (1993)). *See also Flannery*, supra at 441 (noting the distinction in liability for a physician duly appointed pursuant to NY Correction law §501(1) in contrast to where a County entered into a contract with a medical services corporation to provide medical services to Jail inmates pursuant to NY Correction law §501(2), finding that there is no basis to support an allegation that the medical services corporation was thereby acting as a County officer or employee sufficient to impute liability against the County based on *respondeat superior*.).

4

Furthermore, a medical malpractice claim under New York law can only be brought against a health care professional. *Flannery*, supra at 440 *citing Marshall v. Rosenberg*, 196 A.D.3d 817 (3d Dept. 2021); *McNulty v. City of New York*, 100 N.Y.2d 227 (2003)).

Therefore, claims two, three and four against Orange County warrant dismissal.

**Orange County Is Not Liable For The Acts Of The Sheriff Or His Deputies.** Absent an express assumption of liability, a County cannot be held liable for any alleged negligence by the Sheriff or his deputies. The Second Department squarely addressed this issue in *Santiamagro v. County of Orange,* 226 A.D.2d 359 (2d Dept. 1996). In that case, the plaintiff was injured while an inmate at the Orange County Correctional Facility, and brought a suit against *(inter alia)* the County of Orange. The Court held that, while a County is allowed "to accept responsibility for the negligent acts of the Sheriff," a County is not liable for the acts of a Sheriff or his deputies absent some local law expressly assuming liability. *Id.* At 359. The Second Department held that since the County had "not adopted a local law expressly assuming responsibility for the acts of the Sheriff or his deputies," the County could not be held liable for plaintiff's injuries while an inmate at the jail. *Id.* At 359-360. Here, the County of Orange has never enacted such a local law. *See Santiamagro, supra; Nichols v. Rensselaer County*, 129 A.D.2d 167 (3d Dept. 1987).

In light of the above, we respectfully request that the Court schedule a pre-motion conference, or, alternatively, dispense with a conference and grant leave to file a FRCP Rule 12(b)(6) motion to dismiss.

Respectfully submitted,

*Lisa M. Morgillo*
LISA M. MORGILLO
Assistant County Attorney

cc:   Elena Louisa Cohen, Esq.
       Gideon Orion Oliver, Esq.
       Remy Green, Esq.   (all via ECF)