# CO[HEN&GREEN]

> Application granted. Plaintiff shall file her amended complaint by July 28, 2025. Defendants' time to answer or move to dismiss is extended to 21-days after Plaintiff files her amended complaint.
>
> Defendant Orange County's application for a pre-motion conference regarding its anticipated motion to dismiss is denied without prejudice.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 16.
>
> SO ORDERED.
>
> _(signature)_
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         June 12, 2025

Hon. Philip M. Halpern, U.S.D.J.
United States District Court, South[ern District of New York]
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

         Re:     Ordonez-[...]

Dear Judge Halpern:

     My firm, with co-counsel, represents Plaintiff in the case above. Pursuant to the Court's Individual Practice § 4(C), I write in response to Defendant Orange County's[1] pre-motion conference letter. ECF No. 16. While there is a current stay,[2] Plaintiff responds now in an abundance of caution (and as noted below, we apologize because any confusion around timing and the stay is our fault). As set out below, Plaintiff is asking for 45 days to amend the complaint — to adequately amend in response to Defendants' arguments, but also for other reasons, including developments in *In re: Wellpath Holdings, Inc., et al.*, 24-90533 (Bankr. S.D. Tex.) ("*In re Wellpath*") and to move all issues in parallel.

     As Orange County correctly notes, the parties exchanged the first round of letters required by the Court's Practices, and Plaintiff indicated in that exchange that she intends to amend. While Defendants' letter does not provide the full picture a fully briefed motion would, there are easy places for Plaintiff to fill out pleading. For example, while Orange County complains that the Complaint is completely devoid of any municipal policies or customs,[3] Plaintiff can easily supplement what is in the current complaint. But doing so in the context of using Plaintiff's only

---

[1] Plaintiff has served some of the individual Defendants, while others no longer work for Defendant Orange County — and Plaintiff will discuss getting last known addresses for those Defendants separately.

[2] Plaintiff served Orange County early because of an internal miscommunication (*see also, e.g.,* ECF No. 16 at 2 n. 1) — we had intended to request the Summonses to be prepared, but not send them out for service until the current stay expires. We apologize for that confusion.

[3] Plaintiff also notes that Orange County is not exactly right that "citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." ECF No. 16 at 3. Even "at summary judgment, the existence of other lawsuits can raise at least a factual issue as to the notice prong." *Case v City of NY*, 408 F Supp 3d 313, 328 (SDNY 2019) ("the number and persistence of legal challenges brought, sometimes resulting in plaintiffs' verdicts and other times in settlements, is sufficient to create a jury question on the issue of notice"). *See also, In re NY City Policing During Summer 2020 Demonstrations*, 548 F Supp 3d 383, 404 (SDNY 2021). The present complaint alleges facts that gave notice to Orange County, to a moral certainty, that using Wellpath would lead to constitutional violations (indeed, that appears to be the reason Wellpath is in bankruptcy now). *See, e.g.,* ECF No. 1 ¶¶ 55-68. Plaintiff can, however, allege that notice in more detail, and she intends to do so.



amendment as of right is something she wants to be thorough about — hence (in part) the ask for time.

Similar is Orange County's vicarious liability argument.  While Orange County overlooks that "a municipality's duty to provide medical care to inmates is non-delegable and is not absolved by contracting with a third party to provide care" (*Gil v. Vogilano*, 131 F. Supp. 2d 486, 493 (S.D.N.Y. 2001)), Plaintiff can and will amend to provide further relevant detail, as well as to link up the failure to supervise Wellpath to the *Monell* theory above.

Meanwhile, Orange County's criticism about group pleading is at least partly well-taken (ECF No. 16 at 3-4), and Plaintiff intends to clarify — at least where she has the information to do so[4] — exactly which claims are asserted against whom, and which individual Defendants did what.

Finally, apart from Orange County's letter, there are additional moving parts that Plaintiff believes warrant a longer amendment deadline than might be usual.  As the Court knows, there is a companion case, *Ordonez Vargas v. United States* (7:25-cv-03925), where service was recently completed and the United States's time to serve the first letter under the Court's Individual Practices (or answer), unless it seeks an extension, is next week.  Likewise, Plaintiff needs to get last known addresses for some of the individual Defendants, which she can do now that Defendants have appeared.  And for each of those situations, Plaintiff believes it makes sense to try to bring the various motions to dismiss (if they are filed) in line so there is only one set of briefing.

In a similar vein, in *In re Wellpath*, we understand from counsel on that docket that there is now a liquidation trust, and as we understand it now (1) a trust entity that needs to be named in litigation, (2) Wellpath can now be named, and (3) there is an ADR process for claims against the trust.  All of this is something we knew was coming down the road, but only just learned the first details of this week.  So, the requested 45 days to amend would allow us to take the time necessary to sort out exactly what is required by the bankruptcy case's resolution.

So, as set out above, Plaintiff respectfully requests 45 days to file a First Amended Complaint.

As always, I thank the Court for its continued time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*

---

[4] Plaintiff does not have full access to records the way Defendants do.  Some identifying of individual actors is something the Complaint does not *technically* do, but Defendants are easily able to sort that out with their records.


Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN                                                                 Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com