UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STEFANY CRUZ AND MARISOL                          Index No: 25-cv-00064 (PMH)
ORDONEZ VARGAS,

                                    Plaintiff,      **ANSWER TO FIRST AMENDED**
                                                    **COMPLAINT OF PLAINTIFF**
                    -against-                       **MARISOL ORDONEZ VARGAS**[1]

ORANGE COUNTY (New York); WELLPATH, LLC,
(formerly known as CORRECT CARE SOLUTIONS
MEDICAL SERVICES PC and/or NEW YORK
CORRECT CARE SOLUTIONS MEDICAL
SERVICES, PC); MATTHEW J. DUNDON, Trustee of
Wellpath Holdings, Inc. Liquidating Trust; WELLPATH
NY LLC: JOSEPH PATRICK HARKINS; TENESHIA
WASHINGTON, RN; JILLIAN M. BARONE, RN;
MANDI LEE ZACCAGNINO, NP; DOMINICK
PIACENTE; AND DOE DEFENDANTS 1-4,

                                    Defendants.
---------------------------------------------------------------X

        Defendant ORANGE COUNTY (New York) (hereinafter referred to as the "County"), by

and through its attorney RICHARD B. GOLDEN, County Attorney for Orange County, herein

submits its Answer to the First Amended Complaint (hereinafter referred to as the "FAC") of the

Plaintiff MARISOL ORDONEZ VARGAS (hereinafter referred to as "ORDONEZ VARGAS"),

and states as follows:

## NATURE OF THE CASE

        1.      The County denies the allegations contained in Paragraph "1" of the FAC,

except admits that ORDONEZ VARGAS was detained at the Orange County Correctional

Facility ("OCCF") in Orange County, New York, for a period of time in 2023.

        2.      The County neither admits nor denies the allegations contained in Paragraph

---

[1] The County is not answering as to Plaintiff Stefany Cruz (hereinafter referred to as "CRUZ"), and no answer is
required at this time, as CRUZ has failed to properly serve or obtain jurisdiction over the County.

"2" of the FAC, and respectfully refers all matters of law to the Court.

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

3.      The County neither admits nor denies the allegations contained in Paragraph "3" of the FAC, as they state conclusions of law which call for no response, and respectfully refers all matters of law to the Court.

4.      The County neither admits nor denies the allegations contained in Paragraph "4" of the FAC, as they call for conclusions of law, and respectfully refers all matters of law to the Court.

5.      The County neither admits nor denies the allegations contained in Paragraph "5" of the FAC, as they state conclusions of law which call for no response, and respectfully refers all matters of law to the Court.

6.      The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the FAC, except admits that a document purporting to be a notice of claim was served upon the County on or about January 5, 2024, and respectfully refers the Court to said document as it constitutes the best evidence of its contents.

7.      The County admits the allegations contained in Paragraph "7" of the FAC.

8.      The County denies the allegations contained in Paragraph "8" of the FAC as stated, except admits that more than thirty days have elapsed since the County was served with a document purporting to be a notice of claim, and admits that the County has not offered adjustment or payment thereof.

9.      The County denies the allegations contained in Paragraph "9" of the FAC insofar

2

as CRUZ has failed to properly serve or obtain jurisdiction over the County, and respectfully refers the Court to the documents referenced therein as they constitute the best evidence of their contents.

10.     The County neither admits nor denies the allegations contained in Paragraph "10" of the FAC, as they state conclusions of law which call for no response, and respectfully refers all matters of law to the Court.

11.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the FAC.

## PARTIES

12.     The County denies the allegations contained in Paragraph "12" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

13.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the FAC.

14.     The County neither admits nor denies the allegations contained in Paragraph"14" of the FAC, as they call for conclusions of law, and respectfully refers all matters of law to the Court.

15.     The County neither admits nor denies the allegations contained in Paragraph"15" of the FAC, as they call for conclusions of law, and respectfully refers all matters of law to the Court.

16.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the FAC.

17.     The County denies the allegations contained in Paragraph "17" of the FAC as

3

stated, except admits that there was a contract between the County and NY Correct Care Solutions Medical Services, P.C., and respectfully refers the Court to said document for a complete and accurate statement of its contents.

18.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the FAC.

19.    The County denies the allegations contained in Paragraph "19" of the FAC as stated, except admits that there was a contract between the County and NY Correct Care Solutions Medical Services, P.C., and respectfully refers the Court to said document for a complete and accurate statement of its contents.

20.    The County denies the allegations contained in Paragraph "20" of the FAC as stated, except admits that there was a contract between the County and NY Correct Care Solutions Medical Services, P.C., and respectfully refers the Court to said document for a complete and accurate statement of its contents.

21.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained n Paragraph "21" of the FAC.

22.    The Count denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the FAC.

23.    The County neither admits nor denies the allegations contained in Paragraph "23" of the FAC, as they state conclusions of law which call for no response, and respectfully refers all matters of law to the Court.

24.    The County neither admits nor denies the allegations contained in Paragraph "24" of the FAC, as they state conclusions of law which call for no response, and respectfully refers all matters of law to the Court.

4

25.    The County neither admits nor denies the allegations contained in Paragraph "25" of the FAC, as they state conclusions of law which call for no response, and respectfully refers all matters of law to the Court.

### FACTUAL ALLEGATIONS

26.    The County denies the allegations contained in Paragraph "26" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

27.    The County denies the allegations contained in Paragraph "27" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

28.    The County denies the allegations contained in Paragraph "28" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

29.    The County denies the allegations contained in Paragraph "29" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

30.    The County denies the allegations contained in Paragraph "30" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

31.    The County denies the allegations contained in Paragraph "31" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

32.    The County denies the allegations contained in Paragraph "32" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

33.    The County denies the allegations contained in Paragraph "33" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

34.    The County denies the allegations contained in Paragraph "34" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

35.    The County denies the allegations contained in Paragraph "35" of the FAC insofar

as CRUZ has failed to properly serve or obtain jurisdiction over the County.

36.    The County denies the allegations contained in Paragraph "36" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

37.    The County denies the allegations contained in Paragraph "37" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

38.    The County denies the allegations contained in Paragraph "38" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

39.    The County denies the allegations contained in Paragraph "39" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

40.    The County denies the allegations contained in Paragraph "40" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

41.    The County denies the allegations contained in Paragraph "41" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

42.    The County denies the allegations contained in Paragraph "42" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

43.    The County denies the allegations contained in Paragraph "43" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

44.    The County denies the allegations contained in Paragraph "44" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

45.    The County denies the allegations contained in Paragraph "45" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

46.    The County denies the allegations contained in Paragraph "46" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

47.    The County denies the allegations contained in Paragraph "47" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

48.    The County denies the allegations contained in Paragraph "48" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

49.    The County denies the allegations contained in Paragraph "49" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

50.    The County denies the allegations contained in Paragraph "50" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

51.    The County denies the allegations contained in Paragraph "51" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

52.    The County denies the allegations contained in Paragraph "52" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

53.    The County denies the allegations contained in Paragraph "53" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

54.    The County denies the allegations contained in Paragraph "54" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

55.    The County denies the allegations contained in Paragraph "55" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

56.    The County denies the allegations contained in Paragraph "56" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

57.    The County denies the allegations contained in Paragraph "57" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

58.    The County denies the allegations contained in Paragraph "58" of the FAC insofar

as CRUZ has failed to properly serve or obtain jurisdiction over the County.

59.    The County denies the allegations contained in Paragraph "59" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

60.    The County denies the allegations contained in Paragraph "60" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

61.    The County denies the allegations contained in Paragraph "61" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

62.    The County denies the allegations contained in Paragraph "62" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

63.    The County denies the allegations contained in Paragraph "63" of the FAC insofar as CRUZ has failed to properly serve or obtain jurisdiction over the County.

64.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "64" of the FAC.

65.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "65" of the FAC.

66.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of the FAC.

67.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "67" of the FAC, except admits that ORDONEZ VARGAS was booked into OCCF on October 5, 2023.

68.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "68" of the FAC.

69.    The County denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "69" of the FAC.

70.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "70" of the FAC.

71.     The County denies the allegations contained in Paragraph "71" of the FAC.

72.     The County denies the allegations contained in Paragraph "72" of the FAC.

73.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "73" of the FAC.

74.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "74" of the FAC.

75.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "75" of the FAC.

76.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "76" of the FAC, except denies that ORDONEZ VARGAS was placed in "solitary confinement."

77.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "77" of the FAC as stated, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

78.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "78" of the FAC.

79.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "79" of the FAC, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

9

80.     The County denies the allegations contained in Paragraph "80" of the FAC as stated.

81.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "81" of the FAC.

82.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "82" of the FAC as stated.

83.     The County denies the allegations contained in Paragraph "83" of the FAC as stated.

84.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "84" of the FAC, except denies that ORDONEZ VARGAS was in "solitary confinement."

85.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "85" of the FAC.

86.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "86" of the FAC.

87.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "87" of the FAC.

88.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of the FAC.

89.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "89" of the FAC.

90.     The County denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "90" of the FAC, and respectfully refers the Court to the records referenced therein for a complete and accurate statement of their contents.

91.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "91" of the FAC.

92.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "92" of the FAC as stated, except County admits that ORDONEZ VARGAS was released from OCCF on November 9, 2023.

93.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "93" of the FAC.

94.     The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "94" of the FAC.

95.     The County denies the allegations contained in Paragraph "95" of the FAC.

96.     The County denies the allegations contained in Paragraph "96" of the FAC.

97.     The County denies the allegations contained in Paragraph "97" of the FAC.

98.     The County denies the allegations contained in Paragraph "98" of the FAC.

99.     The County denies the allegations contained in Paragraph "99" of the FAC.

100.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "100" of the FAC, and respectfully refers the Court to the report referenced therein for a complete and accurate statement of its contents.

101.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "101" of the FAC, and respectfully refers the Court to the reports referenced therein for a complete and accurate statement of their contents.

102.    The County denies knowledge or information sufficient to form a belief as to the

11

truth of the allegations contained in Paragraph "102" of the FAC, and respectfully refers the Court to the report referenced therein for a complete and accurate statement of its contents.

103.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "103" of the FAC, including all subsections contained therein, and respectfully refers the Court to the report referenced therein for a complete and accurate statement of its contents.

104.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "104" of the FAC, and respectfully refers the Court to the report referenced therein for a complete and accurate statement of its contents.

105.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "105" of the FAC, and respectfully refers the Court to the report referenced therein for a complete and accurate statement of its contents.

106.    The County denies the allegations contained in Paragraph "106" of the FAC.

107.    The County denies the allegations contained in Paragraph "107" of the FAC.

108.    The County denies the allegations contained in Paragraph "108" of the FAC, including all subsections contained therein.

109.    The County denies the allegations contained in Paragraph "109" of the FAC as stated, and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

110.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "110" of the FAC, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

111.    The County denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "111" of the FAC, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

112.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "112" of the FAC, and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

113.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "113" of the FAC, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

114.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "114" of the FAC, and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

115.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "115" of the FAC, except admits that an individual with the name "Luis Medina" was incarcerated at OCCF, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents. and further respectfully refers all matters of law to the Court.

116.    The County denies the allegations contained in Paragraph "116" of the FAC as stated, except admits that an individual with the name "Paul Smith" was incarcerated at OCCF, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents, and further respectfully refers all matters of law to the Court.

117.    The County denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "117" of the FAC, except admits that an individual with the name "Niki Capaci" was incarcerated at OCCF, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents, and further respectfully refers all matters of law to the Court.

118.    The County denies the allegations contained in Paragraph "118" of the FAC as stated, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents, and further respectfully refers all matters of law to the Court.

119.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "119" of the FAC, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents, and further respectfully refers all matters of law to the Court.

120.    The County denies the allegations contained in Paragraph "120" of the FAC as stated, except admits that an individual with the name "Michael Anthony Stevenson" was incarcerated at OCCF, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents, and further respectfully refers all matters of law to the Court.

121.    The County denies the allegations contained in Paragraph "121" of the FAC as stated, except admits that an individual with the name "Fortunato Febus" was incarcerated at OCCF, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents, and further respectfully refers all matters of law to the Court.

## FIRST CLAIM FOR RELIEF

122.    The County repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

14

123.   The County denies the allegations contained in Paragraph "123" of the FAC.

124.   The County denies the allegations contained in Paragraph "124" of the FAC.

125.   The County denies the allegations contained in Paragraph "125" of the FAC as stated, and respectfully refers all matters of law to the Court.

126.   The County denies the allegations contained in Paragraph "126" of the FAC as stated, and respectfully refers all matters of law to the Court.

127.   The County neither admits nor denies the allegations contained in Paragraph "127" of the FAC, as they state conclusions of law which call for no response, and respectfully refers all matters of law to the Court.

## SECOND CLAIM FOR RELIEF

128.   The County repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

129.   The County denies the allegations contained in Paragraph "129" of the FAC.

130.   The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "130" of the FAC.

131.   The County denies the allegations contained in Paragraph "131" of the FAC.

132.   The County denies the allegations contained in Paragraph "132" of the FAC.

133.   The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "133" of the FAC.

134.   The County denies the allegations contained in Paragraph "134" of the FAC as stated, and respectfully refers all matters of law to the Court.

135.   The County denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "135" of the FAC, and respectfully refers all matters of law to the Court.

136.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "136" of the FAC.

137.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "137" of the FAC.

138.    The County denies the allegations contained in Paragraph "138" of the FAC, and respectfully refers all matters of law to the Court.

<strong>THIRD CLAIM FOR RELIEF</strong>

139.    The County repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

140.    The County denies the allegations contained in Paragraph "140" of the FAC as stated, and respectfully refers all matters of law to the Court.

141.    The County denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "141" of the FAC, and respectfully refers all matters of law to the Court.

<strong>FOURTH CLAIM FOR RELIEF</strong>

142.    The County repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

143.    The County neither admits nor denies the allegations contained in Paragraph "143" of the FAC, as they state legal conclusions which call for no response, and respectfully refers all matters of law to the Court.

144.    The County denies knowledge or information sufficient to form a belief as to the

16

allegations contained in Paragraph "144" of the FAC, and respectfully refers all matters of law to the Court.

146. The County neither admits nor denies the allegations contained in Paragraph "145" of the FAC, as they state legal conclusions which call for no response, and respectfully refers all matters of law to the Court.

146. The County neither admits nor denies the allegations contained in Paragraph "146" of the FAC, as they state legal conclusion which call for no response, and respectfully refers all matters of law to the Court.

## FIFTH CLAIM FOR RELIEF

147. The County repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

148. The County denies the allegations contained in Paragraph "148" of the FAC.

149. The County denies the allegations contained in Paragraph "149" of the FAC.

150. The County denies the allegations contained in Paragraph "150" of the FAC, and respectfully refers all matters of law to the Court.

151. The County denies the allegations contained in Paragraph "151" of the FAC.

152. The County denies the allegations contained in Paragraph "152" of the FAC.

153. The County denies the allegations contained in Paragraph "153" of the FAC.

154. The County denies the allegations contained in Paragraph "154" of the FAC, and respectfully refers all matters of law to the Court.

## JURY TRIAL DEMAND

155. The County neither admits nor denies the allegations contained in Paragraph "155" of the FAC, and respectfully refers all matters of law to the Court.

156.    The County denies any other allegations contained in the FAC not otherwise
addressed above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

157.    The FAC fails to state a claim against the County upon which relief may be
granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

158.    The County is entitled to governmental, quasi-judicial, absolute and/or qualified
immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

159.    The Court lacks personal jurisdiction over Plaintiff CRUZ as against the County.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

160.    Plaintiff CRUZ has failed to obtain sufficient process with respect to the County,
as the County has not been served with a summons or amended summons with respect to
Plaintiff CRUZ's claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

161.    Plaintiff CRUZ has failed to obtain sufficient service of process with respect to
the County, as the County has not been properly served with a summons or amended summons
with respect to Plaintiff CRUZ's claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

162.    Upon information and belief, any injuries and/or damages which may have been
sustained by the Plaintiff(s) at the time and place set forth in the FAC were caused, in whole or
in part, by reason of the Plaintiffs' own culpable conduct, contributory negligence and/or

assumption of risk and, by reason of the foregoing, the rights of the parties should be determined accordingly.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

163.    If the County is held liable and responsible, in whole or in part, for damages and injuries as alleged in the FAC, it will be a result of the culpable conduct of the Plaintiff(s) and others and the County demands that the ultimate rights of the parties hereto be apportioned through indemnification or contribution as determined by the Court or Jury.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

164.    All of the alleged acts of the County were taken in good faith, without malice, wantonness, recklessness, callousness or indifference.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

165.    Upon information and belief, Plaintiff(s) failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

166.    At all times alleged by Plaintiff(s), the County acted within the scope of its discretionary authority and in good faith.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

167.    Upon information and belief, Plaintiff(s) have failed to mitigate their damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

168.    Upon information and belief, this action is barred by the applicable statute(s) of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

169.   The County has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

170.   The County denies any negligence or responsibility for the acts complained of, and if the Plaintiff(s) sustained any injuries or damages as alleged in the FAC, at the time, place and in the amount as set forth in the FAC, due to the facts, circumstances, conditions, negligence and for culpable conduct alleged therein, and if the County is found to have been partially responsible therefor, the County will be entitled to an offset or reduction for reimbursement for past or future medical care, loss of earnings and/or other economic loss, which Plaintiff(s) has received or will receive, in whole or in part, from any collateral source.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

171.   Upon information and belief, Plaintiff(s) failed to file a timely notice of claim pursuant to General Municipal Law Section 50(i) and/or County Law Section 52 barring the present state law claims as against the County.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

172.   No municipal policy, practice or custom of the County violated Plaintiff(s) constitutional rights.

**WHEREFORE,** the County respectfully requests that the FAC be dismissed in its entirety, that it receives the costs and disbursements of this action, and that the Court grant such other and further relief as it deems just and proper.

Dated:  Goshen, New York
        August 18, 2025

DANTE D. DE LEO
Assistant County Attorney
RICHARD B. GOLDEN
County Attorney for Orange County
*Attorney for Defendant ORANGE COUNTY*
255-275 Main Street
Goshen, New York 10924
ddeleo@orangecountygov.com
(845) 291-3150

TO:  Elena L. Cohen, Esq.
     J. Remy Green, Esq.
     Regina Yu, Esq.
     COHEN & GREEN P.L.L.C.
     *Attorneys for Plaintiffs*
     1639 Centre Street, Suite 216
     Ridgewood (Queens), NY 11385
     elena@femmelaw.com
     remy@femmelaw.com
     regina@femmelaw.com
     (929) 888-9480

     Gideon Oliver, Esq.
     GIDEON ORION OLIVER
     *Attorneys for Plaintiffs*
     277 Broadway, Suite 1501
     New York, NY 11230
     gideon@gideonlaw.com
     (718) 783-3682

     Zal K. Shroff, Esq.
     Main Street Legal Services, Inc.
     *Attorneys for Plaintiffs*
     CUNY School of Law
     2 Court Square West

Long Island City, NY 11101
zal.schroff@law.cuny.edu
(718) 340-4200

Paul Sanders, Esq.
BARCLAY DAMON
*Attorneys for Defendant New York Correct Care
Solutions Medical Services, P.C.*
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604
psanders@barclaydamon.com
(585) 295-4426