UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEFANY CRUZ and MARISOL ORDONEZ VARGAS,<br><br>*Plaintiff,*<br><br>v.<br><br>ORANGE COUNTY (New York); WELLPATH, LLC (Formerly Known As CORRECT CARE SOLUTIONS MEDICAL SERVICES PC and/or NEW YORK CORRECT CARE SOLUTIONS MEDICAL SERVICES, PC); MATTHEW J. DUNDON, Trustee of Wellpath Holdings, Inc. Liquidating Trust; WELLPATH NY LLC; JOSEPH PATRICK HARKINS; TENESHIA WASHINGTON, RN; JILLIAN M BARONE, RN; MANDI LEE ZACCAGNINO, NP; DOMINICK PIACENTE; AND DOE DEFENDANTS 1-4,<br><br>*Defendants.* | **ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANTS HARKINS AND PIACENTE**<br><br>Civil No.:<br>7:25-cv-00064-PMH |

Joseph Patrick Harkins and Dominic Piacente (collectively "Defendants"), by their attorneys, Barclay Damon LLP, as and for their Answer to the First Amended Complaint of Plaintiffs, allege as follows:

### NATURE OF THE CASE

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

3. The allegations contained in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Defendants Deny knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 are legal conclusions to which no

response is required. To the extent a response is required, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## PARTIES

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 24 are legal conclusions to which no

response is required. To the extent a response is required, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

24. The allegations contained in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. The allegations contained in Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

**FACTUAL ALLEGATIONS**

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, but refers to the content of the Plaintiff's

jail and outside medical and mental health records, which records speak for themselves.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, but refers to the content of the Plaintiff's

jail and outside medical and mental health records, which records speak for themselves.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

39. Deny the allegations contained in Paragraph 39 of the Complaint and refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, but refer to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

44. Deny the allegations contained in Paragraph 44 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

45. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 45 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

32315777.1

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, but refers to the content of the Plaintiff's

jail and outside medical and mental health records, which records speak for themselves.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

63. Deny the allegations contained in Paragraph 63 of the Complaint.

**Facts Specific to Plaintiff Ordonez Vargas's Treatment.**

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

71. Deny the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations contained in Paragraph 72 of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

77. Deny the allegations contained in Paragraph 77 of the Complaint and refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

80. Deny the allegations contained in Paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, but refers to the content of the Plaintiff's

jail and outside medical and mental health records, which records speak for themselves.

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Deny the allegations contained in Paragraph 83 of the Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. Deny the allegations contained in Paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

91. Deny the allegations contained in Paragraph 91 of the Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93. Deny the allegations contained in Paragraph 93 of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 94 of the Complaint, but refers to the content of the Plaintiff's jail and outside medical and mental health records, which records speak for themselves.

**Orange County's Contract with Wellpath and Correct Care NY**

95. Deny the allegations contained in Paragraph 95 of the Complaint.

96. Deny the allegations contained in Paragraph 96 of the Complaint.

97. Deny the allegations contained in Paragraph 97 of the Complaint.

98. Deny the allegations contained in Paragraph 98 of the Complaint.

99. Deny the allegations contained in Paragraph 99 of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint, but refers to the content of the referenced report, which report speaks for itself.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint, but refers to the content of the referenced reports, which reports speak for themselves.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, but refers to the content of the referenced report, which report speaks for itself.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, but refers to the content of the referenced report, which report speaks for itself.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint, but refers to the content of the referenced report, which report speaks for itself.

105. Deny the allegations contained in Paragraph 105 of the Complaint.

106. Deny the allegations contained in Paragraph 106 of the Complaint.

**Orange County's Pattern and Practice of Inadequate Medical Treatment**

107. Deny the allegations contained in Paragraph 107 of the Complaint.

108. Deny the allegations contained in Paragraph 108 of the Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint, but refers to the content of the referenced reports, which reports speak for themselves.

110. Deny the allegations contained in Paragraph 110 of the Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint, but refers to the content of the referenced statements, which statements speak for themselves.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint, but refers to the content of Complaint, which content speaks for itself.

113. Deny the allegations contained in Paragraph 113 of the Complaint.

114. Deny the allegations contained in Paragraph 114 of the Complaint.

115. Deny the allegations contained in Paragraph 115 of the Complaint.

116. Deny the allegations contained in Paragraph 116 of the Complaint.

117. Deny the allegations contained in Paragraph 117 of the Complaint.

118. Deny the allegations contained in Paragraph 118 of the Complaint.

119. Deny the allegations contained in Paragraph 119 of the Complaint.

120. Deny the allegations contained in Paragraph 120 of the Complaint.

121. Deny the allegations contained in Paragraph 121 of the Complaint.

## FIRST CLAIM FOR RELIEF:
42 USC § 1983: Deliberate Indifference to Medical Needs

122. Repeat and reallege their respective responses to those paragraphs repeated and realleged in Paragraph 122 of the Complaint.

123. Deny the allegations contained in Paragraph 123 of the Complaint.

124. Deny the allegations contained in Paragraph 124 of the Complaint.

125. Deny the allegations contained in Paragraph 125 of the Complaint.

126. Deny the allegations contained in Paragraph 126 of the Complaint.

127. Deny the allegations contained in Paragraph 127 of the Complaint.

## SECOND CLAIM FOR RELIEF:
Negligence under State Law and related *Respondeat Superior*

128. Repeat and reallege their respective responses to those paragraphs repeated and realleged in Paragraph 128 of the Complaint.

129. Deny the allegations contained in Paragraph 129 of the Complaint.

130. Deny the allegations contained in Paragraph 130 of the Complaint.

131. Deny the allegations contained in Paragraph 131 of the Complaint.

132. Deny the allegations contained in Paragraph 132 of the Complaint.

133. Deny the allegations contained in Paragraph 133 of the Complaint.

134. Deny the allegations contained in Paragraph 134 of the Complaint.

135. Deny the allegations contained in Paragraph 135 of the Complaint.

136. Deny the allegations contained in Paragraph 136 of the Complaint.

137. Deny the allegations contained in Paragraph 137 of the Complaint.

138. Deny the allegations contained in Paragraph 138 of the Complaint.

32315777.1

### THIRD CLAIM FOR RELIEF:
Gross Negligence under State Law and related *Respondeat Superior*

139. Repeat and reallege their respective responses to those paragraphs repeated and realleged in Paragraph 139 of the Complaint.

140. Deny the allegations contained in Paragraph 140 of the Complaint.

141. Deny the allegations contained in Paragraph 141 of the Complaint.

### FOURTH CLAIM FOR RELIEF:
Medical Malpractice under State Law

142. Repeat and reallege their respective responses to those paragraphs repeated and realleged in Paragraph 142 of the Complaint.

143. Deny the allegations contained in Paragraph 143 of the Complaint.

144. Deny the allegations contained in Paragraph 144 of the Complaint.

145. Deny the allegations contained in Paragraph 145 of the Complaint.

146. Deny the allegations contained in Paragraph 146 of the Complaint.

### FIFTH CLAIM FOR RELIEF:
42 U.S.C. § 1983 *Monell* Claims Against Orange County

147. Repeat and reallege their respective responses to those paragraphs repeated and realleged in Paragraph 147 of the Complaint.

148. Deny the allegations contained in Paragraph 148 of the Complaint.

149. Deny the allegations contained in Paragraph 149 of the Complaint.

150. Deny the allegations contained in Paragraph 150 of the Complaint.

151. Deny the allegations contained in Paragraph 151 of the Complaint.

152. Deny the allegations contained in Paragraph 152 of the Complaint.

153. Deny the allegations contained in Paragraph 153 of the Complaint.

154. Deny the allegations contained in Paragraph 154 of the Complaint.

**JURY TRIAL DEMAND**

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

156. Upon information and belief, that the culpable conduct on the part of Plaintiffs caused or contributed to the happening of the incident.

157. That Plaintiffs should be barred from recovery by reason of the fact that the subject incident was entirely the result of culpable conduct on the part of Plaintiffs or in the event that Plaintiffs are entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to Plaintiffs bear to the culpable conduct which caused the damages.

**SECOND AFFIRMATIVE DEFENSE**

158. Upon information and belief, Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

159. Defendants specifically Deny liability for the damages alleged by Plaintiffs, but if liability is assessed against Defendants, and the percentage of liability is 50% or less of the total liability assigned to all persons or entities liable, then pursuant to Article 16 of the Civil Practice Law and Rules, the answering Defendant's liability for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

**FOURTH AFFIRMATIVE DEFENSE**

160. Upon information and belief, that some or all of Plaintiffs' damages will be replaced or indemnified, in whole or in part, from collateral sources, and the answering Defendants are therefore entitled to a collateral source offset under New York CPLR Section 4545.

**FIFTH AFFIRMATIVE DEFENSE**

161. Defendants exercised all care reasonably necessary to prevent and limit the deprivation and injury for which liability is asserted pursuant to Articles 28, 46 and 46-B New York Public Health Law, Article 18 of the New York Code of Rules and Regulations, as well as any rights and/or benefits established by the terms of any alleged contracts, agreements and/or understandings between Defendants and Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

162. The relative culpability of each person who is or may be liable for the damages alleged by Plaintiffs in this action should be determined in accordance with Article 14 of the Civil Practice Law and Rules and the equitable share of each person liable for contribution should be determined in accordance with the relative culpability of each such person, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

163. Upon information and belief, Plaintiffs' conduct constituted the sole proximate cause of the incident and/or injuries.

**EIGHTH AFFIRMATIVE DEFENSE**

164. Upon information and belief, the injuries complained of in the Complaint and the alleged damages were caused by the culpable conduct of others over whom the Defendants had no authority or control. In particular, the injuries and damages were caused solely by the negligent and wrongful conduct of non-parties.

**NINTH AFFIRMATIVE DEFENSE**

165. Upon information and belief, whatever damages and injuries, if any, which were sustained by plaintiffs were proximately caused by superseding and/or intervening causes and not by any action or omission of Defendants.

**TENTH AFFIRMATIVE DEFENSE**

166. At all times relevant to plaintiffs' claims, Defendants conformed their conduct to the state of medical knowledge, common and accepted procedures in the medical field, professional standards and the medical state of the art.

**ELEVENTH AFFIRMATIVE DEFENSE**

167. Defendants has governmental/qualified immunity from liability for damages for the causes of actions alleged in Plaintiffs' Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

168. Plaintiffs failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act of 1995; 42 U.S.C. §1997e(a).

**WHEREFORE,** Defendants, Joseph Patrick Harkins and Dominic Piacente demand a Judgment of this Court in its favor against Plaintiffs:

A. Dismissing the Complaint in its entirety, on the merits and with prejudice; and

B. Granting such other and further relief as the Court deems just and proper.

**DATED:** September 12, 2025          **BARCLAY DAMON LLP**

By: *s/ Paul A. Sanders*
        Paul A. Sanders

*Attorneys for Defendants*
*Joseph Patrick Harkins and Dominic Piacente*
Office and Post Office Address
2000 Five Star Bank Plaza

100 Chestnut Street  
Rochester, New York 14604  
Tel: (585) 295-4426  
Email: psanders@barclaydamon.com

32315777.1