## ORANGE COUNTY DEPARTMENT OF LAW

**RICHARD B. GOLDEN**
COUNTY ATTORNEY

Carol C. Pierce
*Deputy County Attorney*



Steven M. Neuhaus
County Executive

**Municipal Law Division**

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Joseph F. Mahoney     Donna M. Badura
William S. Badura      Lia E. Fierro
Marina V. O'Neill       Lisa M. James
Stephanie T. Midler    Cedric A. Cooper
Dante D. De Leo

**Family Law Division**

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
Peter R. Schwarz            David S. Meffert
Linda P. DaSilva            Stephanie Bazile
Ferol L. Reed-McDermott     Michael Rabiet
Karen A. Amundson           Tammy A. Delile
Eve I. Lincoln              Rebecca McGee
Lisa M. Morgillo            Stephen Toole

October 2, 2025

**VIA ECF**

Hon. Philip M. Halpern, U.S.D.J.
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

  Re: **Request for Conference - Pre-Answer Motion to Dismiss**
     *Stefany Cruz and Marisol Ordonez-Vargas v. Orange County, et al.*
     Case No.: 7:25-cv-00064 (PMH)

Dear Judge Halpern:

  This office represents Defendant Orange County (the "County") in the above-referenced matter. I am writing to request a pre-motion conference in anticipation of moving to dismiss the First Amended Complaint ("FAC") (Doc. No. 28) for failure to state a claim as against the County, pursuant to Fed. R. Civ. P. Rule 12(b). On September 23, 2025, in accordance with Section 4(C) of Your Honor's Individual Rules, the County served Plaintiffs with an initial letter setting forth the specific pleading deficiencies and other reasons that warrant dismissal. In lieu of

1

responding to the County's initial letter, Plaintiffs advised defendants that they intend to seek leave to amend the FAC to address the identified deficiencies. The parties have worked in good faith to avoid unnecessary motion practice – exchanging numerous emails over the past week to that end – but were unable to reach a resolution prior to the County's deadline to answer. As such, the County respectfully submits this pre-motion conference letter for Your Honor's consideration.

### Deliberate Indifference

The FAC fails to state a claim for deliberate indifference to Plaintiffs' medical needs. The claim is based on defendants' alleged "fail[ure] to provide Plaintiffs with timely medical attention . . . ." FAC at ¶ 123. But the FAC's own allegations undermine that assertion.

As to Plaintiff Stefany Cruz ("Cruz"), the FAC admits that Cruz had access to a nurse when she entered Orange County Correctional Facility ("OCCF"). *See* FAC at ¶¶ 32, 35-36 (alleging that, after completing intake, Cruz "informed the nurse of her condition and medication"). The FAC admits that Cruz received treatment. *Id.* at ¶ 38 (alleging that "OCCF officials gave [Cruz] an anti-cortisone and steroid cream"). The FAC admits that Cruz had ongoing access to treatment (including blood thinners, an outpatient rheumatologist, and an emergency room visit), and that, upon release, Cruz was given "30 tablets total at 1mg each" of blood thinners. *See id.* at ¶¶ 39-50, 54-55.

As to Plaintiff Marisol Ordonez-Vargas ("Ordonez-Vargas"), the FAC admits that, upon her arrival at OCCF, she was seen by a "medical professional" and that, after being transferred to the general population, she was seen by multiple medical professionals regarding her nose and was "administered ibuprofen." *See id.* at ¶¶ 74-76, 87-88.

Plaintiffs' disagreement with the *level* of medical care they received is insufficient to state a deliberate indifference claim. *See, e.g., Peachey v. Zayaz*, 23-CV-06409, 2024 WL 4932527, *4 (S.D.N.Y. Dec. 2, 2024) ("[A] difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference.") (internal quotations/citation omitted).

The deliberate indifference claim should also be dismissed for lack of personal involvement. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation."). The FAC contains numerous allegations that do not allege the personal involvement of any named defendant. *See, e.g.,* FAC at ¶¶ 35, 37-38 ("OCCF officials"); ¶¶ 44, 46, 51-52, 54-55, 73 ("OCCF"); ¶ 71 ("the staff"); ¶ 74 ("staff members"); ¶¶ 72, 84-86 ("OCCF staff"). The remaining non-conclusory allegations do not plausibly allege the personal involvement of any defendant in the alleged constitutional deprivation.

### *Monell*

At the outset, the *Monell* claim against the County should be dismissed because Plaintiffs have failed to state a claim for the underlying constitutional violation. *See, e.g., Ventillo v. Falco*, 19-CV-03664 (PMH), 2020 WL 7496294, *14 (S.D.N.Y. Dec. 18, 2020). Regardless, the *Monell* claim must be dismissed for failure to state a claim.

With regard to Wellpath and Correct Care NY's alleged pattern and practice of failures to provide medical care, the FAC relies on investigative reports published by CNN and The Atlantic. *See* FAC at ¶¶ 101-05. The FAC does not allege that the reports are related to conduct similar to that alleged by Plaintiffs in the FAC. Nor does the FAC allege that the failures alleged

in the investigative reports occurred at OCCF. Rather, the FAC alleges simply that "Upon information and belief, Defendant Orange County knew or should have known about Wellpath and Correct Care NY's long pattern and practice of failures to provide medical care." *Id.* at ¶ 106. This sole conclusory allegation is insufficient to plausibly allege that the County was aware of the investigative reports.

The FAC then attempts to allege a pattern and practice of inadequate medical treatment on the part of the County. *See* FAC at ¶¶ 107-08. The FAC relies on several news articles, press releases, complaints, and other reports (collectively, "reports") to support its claims. *See id.* at ¶¶ 109-13. The FAC does not, however, allege that any policy-making official at OCCF was aware of these reports.

The FAC also relies on unrelated lawsuits. *See* FAC at ¶¶ 114-21. Notably, the FAC does not allege that there was a finding of deliberate indifference to medical needs in any of those cases. Without more, references to these cases are insufficient to plausibly allege a "sufficiently widespread practice" as required by *Monell*.

### State Law Claims

The second and third claims for relief, alleging negligence and gross negligence under state law, are time-barred. As to Cruz, the notice of claim was untimely. *See* N.Y. Gen. Mun. Law § 50-e(1)(a). The FAC admits as much. *See* FAC at ¶ 9 (alleging that there is a pending petition "to deem this notice of claim as timely filed"). As to Ordonez-Vargas, this action was filed beyond the 1-year statute of limitations applicable to state law claims against a Sheriff or his deputies under CPLR § 215(1). Specifically, the FAC alleges that Ordonez-Vargas was released from OCCF on November 9, 2023, and this action was not filed until January 3, 2025. *See* FAC at ¶ 92; Doc. No. 1. Thus, the negligence claims must be dismissed. *See Saccone v.*

*Dubois*, 18 CV 1312 (VB), 2018 WL 4356735, at *5 (S.D.N.Y. Sep. 12, 2018). The state law claims must also be dismissed as to the County because the County is not liable for the acts of the Sheriff or his deputies. *See id.* at *6. Moreover, the negligence claims are duplicative of the medical malpractice claim, which cannot be sustained as against the County.

## Conclusion

For the reasons above, the County respectfully submits that the FAC should be dismissed in its entirety as against the County.

Respectfully submitted,

DANTE D. DE LEO
Assistant County Attorney

cc:   All Counsel of Record (*via* ECF)