Case 7:25-cv-00064-PMH    Document 68    Filed 10/28/25    Page 1 of 2



> Defendants' response to Plaintiff's pre-motion letter (Doc. 66) was due October 24, 2025. No letter response has been filed to date. Accordingly, Defendants shall file a response no later than October 31, 2025.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        October 28, 2025

Hon. Philip M. Halpern, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

      Re:    <u>Ordonez-Vargas v. Orange County et al.</u>, 25-cv-0064

Dear Judge Halpern:

      My firm, with co-counsel, represents Plaintiffs in the case above. Pursuant to the Court's Individual Practice §§ 4(C)(ii) and 2(C) — as well as the Court's directions in ECF Nos. 64, 65, and 58 — I write to request a pre-motion conference[1] on a proposed motion to amend the complaint.

      Plaintiffs served the attached proposed amended complaint and attached redline on counsel for all parties early this afternoon, with a proposed stipulation to the amendment included (along with apologies for the timing). While all Defendants besides Dundon consented to the previous version, they have not provided consent to the version attached hereto, though they have also not indicated any opposition.[2] Per the Court's rules, the updated amended complaint attached is the one Plaintiffs seek leave to file.

      As the Court likely recalls, there is some history here, but the very short version is that Plaintiffs are seeking to amend to respond to issues raised in various Defendants' initial letters under the Court's Individual Practice §4(C), as well as to clarify and clean up issues in naming certain parties, clarify the nature of certain claims, and the like. Given that many of the Defendants want to file motions to dismiss, notwithstanding having already filed answers (*see, e.g.,* ECF No. 64, *denying* ECF No. 54), an amendment appears in everyone's interest as it allows such motions. The amended complaint fills out finer details of exactly what happened to Plaintiffs, which should avoid issues on the motions to dismiss (or motions for judgment on the pleadings) with Defendants arguing certain facts are out of bounds, while Plaintiffs argue amendment in a cross-motion. Likewise, the amendment corrects "misnaming a defendant" as contemplated by the Court's Rules. And the

---

[1] The Court may also recall that Plaintiffs also filed a proposed amendment, with the consent of all Defendants besides Defendant Dundon (who has not yet appeared), but that request was secondary to a "request[ed] clarification of the Court's Order at Docket 58, and to the extent it orders that any amendment to the complaint be made by today, Plaintiffs request a brief extension up to and including October 17, 2025, to file an amended pleading" — only seeking leave to file the then-proposed complaint "[i]f that extension request is denied and this is Plaintiff[s'] only opportunity to amend." ECF No. 63. The Court granted the extension.

[2] To be clear, Plaintiffs are attributing no fault to Defendants on this count.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



amendments fill out details of Plaintiffs' theory that it is plausible (for pleading purposes) that Defendants had a certain, unwritten policies — including, particularly, allegations of what Wellpath employees directly said, given Defendants' objections to other sources.

Finally, as to Defendant Dundon, Plaintiffs served him with a summons and the then-operative complaint on October 3, 2025.  *See* ECF No. 55.[3]  Counsel has not yet appeared for him, or responded to any communications (*see* n. 2 below), but Plaintiffs included what we understand to be his counsel's email on the request for consent to this motion.  Accordingly, even if Plaintiffs had written consent on the proposed stipulation from the other Defendants, a motion would be necessary.  Fed. R. Civ. P. 15(a)(2).

For the reasons set out above, Plaintiffs intend to file a motion to amend the complaint, and therefore seek a pre-motion conference on that motion pursuant to the Court's Individual Practices.

As always, I thank the Court for its continued time and attention.

<div style="text-align:right">

Respectfully submitted,

_____/s/_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

</div>

Enclosures.

cc:
All relevant parties by electronic filing.

---

[3] Because he is the trustee of Wellpath, and there is a limited pot of money for claimants against Wellpath in the bankruptcy — and, in light of the Rule 4(d), the fact that Mr. Dundon already has counsel presumably knowledgeable about the duty to waive service (because of his role) — Plaintiffs made sure to first attempt to keep costs down with a request to waive service pursuant to the "duty to avoid unnecessary expenses of serving the summons" imposed by Fed. R. Civ. P. 4(d).  After the requisite period without a response, Plaintiffs served the summons and complaint formally.



Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com