

October 17, 2025

Hon. Philip M. Halpern, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing.

        Re:     Ordonez-Vargas v. Orange County et al., 25-cv-0064

Dear Judge Halpern:

        My firm, with co-counsel, represents Plaintiffs. Pursuant to the Court's Individual Practice §§ 4(C)(i)–(ii), and ECF Nos. 64, 65, and 58 — I write to request a pre-motion conference to amend the complaint.

        Plaintiffs served the proposed amended complaint and a clean redline on counsel for all parties early this afternoon. While Defendants' consent included (along with apologies for the timing) a minor edit compared to the previous version, they have not provided a revised redline, though they have also not indicated any opposition to the amendment. Accordingly, the complaint attached is the one Plaintiffs seek leave to file.

        As the Court likely recalls, the short version is that Plaintiffs are seeking to amend in response to Defendants' initial letters under the Court's Individual Practice § 4(C)(i). The amendments, naming certain parties, clarify the nature of certain claims on which the Defendants want to file motions to dismiss, respond to the Court's Order (ECF No. 64, *denying* ECF No. 54), an amendment the Court contemplated in those motions. The amended complaint fills out finer details of Plaintiffs' claims, but should avoid issues on the motions to dismiss (or motions for judgment on the pleadings) with Defendants arguing certain facts are out of bounds, while Plaintiffs argue amendment in a cross-motion. Likewise, the amendment corrects "misnaming a defendant" as contemplated by the Court's Rules. And the

---

> Application granted. In light of Defendants' consent to Plaintiff's proposed amended complaint (Docs. 69-70), Plaintiff is granted leave to file the amended complaint in the form annexed to her pre-motion letter (Doc. 66-1) by November 4, 2025. The time for Defendants to answer or otherwise file a pre-motion letter in accordance with the Court's Individual Practices is extended to December 4, 2025.
>
> The Clerk of Court is respectfully directed to terminate the letter-motion pending at Doc. 66.
>
> SO ORDERED.
>
> *(signature)*
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 30, 2025

---

[1] The Court may also recall that Plaintiffs also filed a proposed amendment, with the consent of all Defendants besides Defendant Dundon (who has not yet appeared), but that request was secondary to a "request[ed] clarification of the Court's Order at Docket 58, and to the extent it orders that any amendment to the complaint be made by today, Plaintiffs request a brief extension up to and including October 17, 2025, to file an amended pleading" — only seeking leave to file the then-proposed complaint "[i]f that extension request is denied and this is Plaintiff[s'] only opportunity to amend." ECF No. 63. The Court granted the extension.

[2] To be clear, Plaintiffs are attributing no fault to Defendants on this count.



amendments fill out details of Plaintiffs' theory that it is plausible (for pleading purposes) that Defendants had a certain, unwritten policies — including, particularly, allegations of what Wellpath employees directly said, given Defendants' objections to other sources.

Finally, as to Defendant Dundon, Plaintiffs served him with a summons and the then-operative complaint on October 3, 2025.  *See* ECF No. 55.[3]  Counsel has not yet appeared for him, or responded to any communications (*see* n. 2 below), but Plaintiffs included what we understand to be his counsel's email on the request for consent to this motion.  Accordingly, even if Plaintiffs had written consent on the proposed stipulation from the other Defendants, a motion would be necessary.  Fed. R. Civ. P. 15(a)(2).

For the reasons set out above, Plaintiffs intend to file a motion to amend the complaint, and therefore seek a pre-motion conference on that motion pursuant to the Court's Individual Practices.

As always, I thank the Court for its continued time and attention.

Respectfully submitted,

_____/s/_____
J. Remy Green
*Honorific/Pronouns: Mx., they/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosures.

cc:
All relevant parties by electronic filing.

---

[3] Because he is the trustee of Wellpath, and there is a limited pot of money for claimants against Wellpath in the bankruptcy — and, in light of the Rule 4(d), the fact that Mr. Dundon already has counsel presumably knowledgeable about the duty to waive service (because of his role) — Plaintiffs made sure to first attempt to keep costs down with a request to waive service pursuant to the "duty to avoid unnecessary expenses of serving the summons" imposed by Fed. R. Civ. P. 4(d).  After the requisite period without a response, Plaintiffs served the summons and complaint formally.