

Kieran Corcoran
**PARTNER**
DIRECT: 646.883.7480
OFFICE: 646.883.7471

kieran.corcoran@stinson.com

October 31, 2025

**VIA CM/ECF**

Hon. Philip M. Halpern
U.S. District Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

      Re:      Ordonez Vargas et al. v. Orange County et al., 7:25-cv-0064-PMH

Dear Judge Halpern:

    My firm represents Defendant Matthew J. Dundon, Trustee (the "Trustee") of Wellpath Holdings, Inc. Liquidating Trust (the "Trust"), in this matter. The Trustee appears solely for the purpose of clarifying and confirming its role in this matter and addressing the Plaintiffs' *Proposed Clerk's Certificate of Default* [Docket No. 72] and related *Declaration* [Docket 73].

    The Trust did not exist at the time any claims purportedly arose, but rather was created and funded in accordance with the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates* [Docket No. 2596, Ex. A] (the "Plan") in *In re Wellpath Holdings, Inc., et al.*, Case No. 24-90533 (Bankr. S.D. Tex.) (the "Bankruptcy Cases"), which was confirmed by the United States Bankruptcy Court of the Southern District of Texas on May 1, 2025, and became effective on May 9, 2025. The Trust has a finite amount of funding, all of which was allocated to the Trust as part of the Plan for use in the administration and distribution of funds to claimants with claims against Wellpath. This means that every dollar of administrative expense borne by the Trust is one less dollar going to claimants harmed by Wellpath. The Trust's paramount objective is to maximize the value available for distribution to holders of allowed claims. To best achieve that goal, the Plan contemplates, and the Trust supports, various measures to streamline the claim administration process, minimize administrative expenses, and preserve the Trust's limited resources for the benefit of creditors.

    The *Wellpath Holdings, Inc. Liquidating Trust Agreement* [Bankruptcy Case, Docket No. 2679, Ex. I] (the "Trust Agreement") outlines the Trust's powers, rights, and procedures. Attached as Exhibit 3 to the Trust Agreement, the *Trust Distribution Procedures for Trust Claims* (the "Trust Distribution Procedures") are implemented by the Plan and outline a process for claims distribution. A true and correct copy of the Trust Distribution Procedures are attached hereto as **Exhibit A**.

Hon. Philip M. Halpern
October 31, 2025
Page 2

The Trust Distribution Procedures were put in place and incorporated into the Plan to provide an efficient and orderly process to review and administer General Unsecured Claims, to minimize any costs incurred out of the funds available to holders of such claims, and to provide unsecured claimants with a structured and predictable process to liquidate their claims. Ex. A at Article I.A. This process includes an exchange of information to determine whether the Trustee and claimant can consensually resolve the claim without need for litigation or motion practice, including through the outlined ADR procedure. As provided in the Plan and Trust Documents, if a consensual resolution for an allowed claim amount cannot be achieved via ADR, the claim at issue " would be subject to 28 U.S.C. § 157(b)(5)" (*i.e.* is a "personal injury tort [or] wrongful death claim[]", and the holder of the claim "opposes having the Bankruptcy Court determine the allowed amount for the claim, the Claimant may proceed in the appropriate civil court and litigate such claim with the Liquidating Trust included as a nominal defendant" and "[i]n such instances, the Liquidating Trust's liability will be limited to Trust Distributions." *Id.* at Article IV.J.

The Plaintiffs here assert that the Trustee has been added to this case as a nominal defendant in accordance with these provisions of the Plan. First Amended Complaint [Docket No. 28], ¶ 16 n.2 ("On June 6, 2025, the United States Bankruptcy Court for the Southern District of Texas entered an order instructing individuals with personal injury and wrongful death claims against Wellpath to include the Liquidating Trust *as a nominal party* when seeking determinations of Wellpath's liability in civil court.") (emphasis added). The Plaintiffs' Proposed Second Amended Complaint does not assert otherwise. Proposed Second Amended Complaint [Docket No. 66-1], ¶ 16 n.2.

Under well-settled law, "no cause of action is asserted against a nominal defendant." *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002). Rather, a nominal defendant is simply a party that "can be joined to aid the recovery of relief" and is a party "without a real interest in the litigation." *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3rd Cir. 1991); *see generally Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 225 (2d Cir. 2010). For those reasons, the Trustee, as a nominal defendant, has "no obligation to file an answer or otherwise defend" in this case since there are no allegations against it and thus, an entry of default against the Trustee would be improper. *See Northfield Ins. Co. v. Shalom*, 23-CV-2830(LDH)(SJB), 2024 WL 4294786, at *2-3 (E.D.N.Y. July 31, 2024) (directing the clerk to vacate the entries of default against the nominal defendants because "as nominal defendants (in an action that is not a foreclosure action), [the nominal defendants] had no obligation to file an answer or otherwise defend, since there was nothing to respond to. As such, to hold [the nominal defendants] in default would be inappropriate."). Additionally, courts have found that by participating in a pending case, a nominal defendant may lose that status, which means that participating in the case could put the Trust in the position of violating the terms of the Plan

Hon. Philip M. Halpern
October 31, 2025
Page 3

confirmed by the Bankruptcy Court. *See James v. Mejia,* 512 F. Supp. 3d 1255, 1259 (M.D. Ala. 2021) (finding that nominal-defendant insurer had become a party in interest rather than a nominal defendant by participating in the case). Thus, the Trustee, on behalf of the Trust, will not be responding, appearing, or otherwise participating in this case, and files this letter-motion to state and affirm that status.[1]

          Respectfully submitted,

          **STINSON LLP**

          By: */s/ Kieran M. Corcoran*
          Kieran M. Corcoran (SDNY Bar No. 2699015)
          140 Broadway, Suite 2330
          New York, NY 10005
          Telephone: (646) 883-7480
          kieran.corcoran@stinson.com

          *Counsel to the Wellpath Liquidating Trustee*

cc:    All counsel of record (via CM/ECF)

---

[1] In order to minimize costs and consistent with the Trust's status under the Plan and solely as a nominal defendant, local counsel has been engaged for the sole purpose of filing this statement.