

November 11, 2025

Hon. Philip M. Halpern, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

By Electronic Filing

    Re:    <u>Ordonez-Vargas et al. v. Orange County et al., 25-cv-0064</u>

Your Honor:

    My firm, with co-counsel, represents Plaintiffs in the case above.

    In light of a potential ambiguity and in an abundance of caution[1] I write to request a one-month extension of time to complete service of the Second Amended Complaint on Wellpath NY LLC and Wellpath LLC (together, when not specified, "Wellpath"). It is not clear, as noted in n. 1 below, whether the deadline to serve these entities is new for the Second Amended Complaint or they must be served with the Second Amended Complaint, but counting from the date the First Amended Complaint was filed (even though that complaint was served timely).

    As far as the current variation of the Wellpath entities, this is the first such request. But this is also the sixth service extension. The first two extensions were required because of the Wellpath bankruptcy proceedings, during which time Plaintiff was barred from acting in this matter; and the three prior post-bankruptcy extensions were for different parties. *See, e.g.,* ECF No. 48 (Defendant Zaccagnino), ECF No. 36 (Piacente, Zaccagnino, and Harkins), ECF No. 24 (same).

    Our understanding, from the docket and communications, was that Paul Sanders represented Wellpath LLC and Wellpath NY LLC.[2] *See, e.g.,* ECF No. 69 ("My firm represents … Wellpath, LLC"). Accordingly, pursuant to ECF Rule 9.1, we understood both Wellpath Defendants to have been served by electronic filing.

---

[1] Because Plaintiff has changed the style of naming the Wellpath entities to address concerns raised by counsel, the standard rule that "[f]iling an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service" (Wright & Miller § 1137) might not apply. Additionally, it is not clear how the tolling rule applies when a prior complaint *was* served, but the defendant did not answer or have counsel file an appearance.

[2] For context: Wellpath NY LLC was served with the First Amended Complaint through the Secretary of State on August 26, 2025. ECF No. 53. The First Amended Complaint listed Wellpath LLC as "formerly known as Correct Care Solutions Medical Services PC and/or New York Correct Care Solutions Medical Services, P.C.," but that was amended and changed to address concerns raised by Mr. Sanders. At that time, Mr. Sanders had appeared for New York Correct Care, so it appears all parties' understanding was that new service was not required. ECF No. 20.



    In reviewing deadlines, and in an abundance of caution, we sought to clarify with Mr. Sanders that he had the same understanding. His response was, "I do not represent Wellpath NY LLC or Wellpath LLC." *But see* ECF No. 69.

    Accordingly, we ask the Court to grant a one-month extension of time within which to complete service on both Wellpath entities, from November 13, 2025 to December 13, 2025.

    Thank you for your attention to this matter.

                                                     Respectfully submitted,

                                                     /s/
                                                _____
                                                J. Remy Green
                                                Cohen&Green P.L.L.C.
                                                *Attorneys for Plaintiff*
                                                1639 Centre St., Suite 216
                                                Ridgewood, New York 11385

COHEN&GREEN    Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com