**BARCLAY DAMON**LLP

**Paul A. Sanders**
*Partner*

November 19, 2025

**VIA CM/ECF**
Hon. Philip M. Halpern
U.S. District Judge
Southern District of New York
300 Quarropas St.
White Plains, NY  10601

      Re:  <u>Ordonez-Vargas, et al. v. Orange County, et al.</u>
           SDNY Civil No.: 7:25-cv-00064-PMH
           Our File No.:  3225742

Dear Judge Halpern:

Our office represents Jillian M. Barone, RN, Joseph Patrick Harkins, Mandi Lee Zaccagnino, NP; Dominick Piacente, M.D. and New York Correct Care Solutions Medical Services, PC ("NYCCS") (collectively, "NYCCS Defendants")[1].  In accordance with Your Honor's Individual Practices in Civil Cases, the NYCCS Defendants have satisfied the initial letter exchange as to the Second Amended Complaint ("SAC").

We respectfully request a conference in anticipation of filing a motion to dismiss the SAC (Dkt. 78) of Plaintiffs, Stefany Cruz ("Plaintiff Cruz") and Marisol Ordonez Vargas ("Plaintiff Vargas"), pursuant to FRCP 12(b)(6).

The factual allegations in the SAC, even if true fail to establish claims of Deliberate Indifference, *Monell*, *Respondeat Superior*, and negligence/medical malpractice against the

---

[1] Further, we note that this firm does not represent Wellpath, LLC, Wellpath NY, LLC (the "Wellpath entities"), or Matthew J. Dundon, Trustee of Wellpath Holdings, Inc. (the "Trust"). The Wellpath entities have been discharged in bankruptcy and are not proper party defendants. Regardless, all arguments below apply equally to the Wellpath entities and the Trust. To the extent Plaintiff alleges defendant Orange County is responsible for medical care allegedly rendered by NYCCS, the arguments apply equally to Orange County.

2000 Five Star Bank Plaza - 100 Chestnut Street - Rochester, New York 14604 barclaydamon.com
PSanders@barclaydamon.com  Direct: (585) 295-4426  Fax: (585) 295-8422

32789707.1

Hon. Philip M. Halpern
November 19, 2025
Page 2

NYCCS Defendants.

## ALLEGATIONS

Plaintiff Cruz and Plaintiff Vargas allege inadequate medical treatment for lupus and a non-displaced nose fracture, respectively.

The SAC alleges that Plaintiff Cruz was diagnosed with lupus and deep vein thrombosis resulting in a blood-clotting disorder in October 2014, for which she began taking blood thinners. After her intake into the Orange County Correctional Facility ("OCCF") on October 10, 2024, she was immediately treated with anti-cortisone and steroid cream for lupus flare-ups and provided with her prescribed medication within six days.

Plaintiff Vargas entered OCCF on October 5, 2023, with a non-displaced nasal fracture. She alleges a related surgery was scheduled for the day of her arrest. She takes issue with the delay in receiving that surgery due to her arrest but acknowledges she was other care (including medication) by the named defendants.

## ARGUMENT

### I.    The Deliberate Indifference Claims are Properly Dismissed

To withstand dismissal of a §1983 claim for deliberate indifference to serious medical needs, a plaintiff must allege: (1) a serious medical condition, and (2) that defendants were deliberately indifferent to it. *Moco v. Janik*, 2019 U.S. Dist. LEXIS 133783, *4 (W.D.N.Y. 2019).

   a. *Claims Related to Stefany Cruz*

The SAC fails to allege deliberate indifference by Defendant Piacente. Plaintiff Cruz's claim is based solely on the timing of her medication and consultation with an outside physician,

32789707.1

which, as a matter of law, does not constitute deliberate indifference. It is undisputed that she received care and preferred medication at the outset of her incarceration.

Disagreements over medications, diagnostic methods, treatment forms, or the timing of specialist intervention do not support a §1983 claim. *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

Moreover, Plaintiff Cruz fails to allege an objectively serious medical need. The SAC indicates she received her lupus medication within six days; such a brief interruption in treatment does not meet the objective prong of deliberate indifference. *See Smith v. Carpenter*, 316 F.3d 178 (2d Cir. 2003) (holding that an eight-day interruption of lupus medication did not rise to a constitutional violation).

b. *Claims Related to Marisol Ordonez Vargas*

The SAC fails to allege facts establishing deliberate indifference by Defendants Barone, Harkins, Zaccagnino, Piacente, and Washington. Plaintiff Vargas merely disagrees with the treatment of her non-displaced, non-emergent nasal fracture, while acknowledging she was provided with other care.

Plaintiff Vargas also fails to allege an objectively serious medical need, as a non-displaced, non-emergent nasal fracture does not rise to a level that satisfies the Eighth Amendment. *See Lasher v. City of Schenectady*, No. 02-CV-1395, 2004 U.S. Dist. LEXIS 14871, at *14 (N.D.N.Y. Aug. 3, 2004); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

Her claim against Defendant Harkins for taking precautionary suicide-prevention measures

upon intake into OCCF is meritless and, even if true, reflects at most a difference in medical judgment, not the recklessness required for a constitutional violation. Plaintiff alleges no facts showing Harkins knew of and disregarded a substantial risk of serious harm by implementing temporary safety precautions, conduct that, by definition, demonstrates attentiveness rather than deliberate indifference. *See McTerrell v. Koenigsmann*, No. 18-cv-1028, 2021 U.S. Dist. LEXIS 156334, at 19–20 (W.D.N.Y. Aug. 19, 2021).

Finally, Defendants Barone and Washington, both registered nurses without authority to prescribe medication or direct specialized treatment, cannot be held liable under §1983 in these circumstances. *Johnson v. Rodriguez*, No. 1:21-cv-00606(JLS)(JJM), 2024 U.S. Dist. LEXIS 29386 (W.D.N.Y. Feb. 20, 2024). Accordingly, all claims against the Individual Medical Defendants should be dismissed.

## II. The *Monell* Claim against the NYCCS must be Dismissed

To the extent Plaintiffs assert a Monell claim against NYCCS, it must be dismissed. To plead municipal liability under §1983, a plaintiff must allege: (i) the existence of a formal policy officially endorsed by the municipality; (ii) a practice so persistent and widespread that it constitutes a custom or usage known to supervisory authorities; or (iii) a municipal custom or policy inferred from deliberate indifference by supervisory officials to such abuses. *Iacovangelo v. Corr. Med. Care, Inc.*, 2015 U.S. App. LEXIS 16296, at 6 (2d Cir. Sept. 14, 2015). A plaintiff must also show a direct causal link between the alleged custom or policy and the claimed injury. *See Dellutri v. Elmsford*, 895 F. Supp. 2d 555, 565 (S.D.N.Y. 2012). Conclusory assertions are insufficient. *See Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 25 (E.D.N.Y. 2013). Here,

the SAC contains no facts suggesting the existence of a formal policy, a widespread practice, or deliberate indifference by NYCCS officials who created or enforced any relevant policy.

Plaintiffs instead rely on unsubstantiated media reports and unrelated lawsuits. Dkt. 78. These materials neither demonstrate deliberate indifference nor establish constitutional violations relevant to *Monell*. More importantly, they lack a factual nexus to Plaintiffs' own circumstances. Plaintiffs' conclusory allegations fail to connect any purported policy or custom to the medical care at issue here.

## I. The *Respondeat Superior* Claims are Properly Dismissed

The state law claims against NYCCS for *Respondeat Superior* lack merit. *Respondeat Superior* is not a recognized independent state or federal cause of action and is thus properly dismissed. *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011)

## II. The Negligence/Medical Malpractice Claims are Properly Dismissed

The state law Medical Malpractice/Negligence claims against the NYCCS must be dismissed. To establish a claim for medical malpractice under New York law, a plaintiff must prove "(1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury." *Mendoza v. Maimonides Med. Ctr.*, 203 A.D.3d 715, 716 (2d Dep't 2022). Plaintiffs fail to allege facts against NYCCS or Individual Medical Defendants amounting to negligence or medical malpractice. Further, all state law claims are subject to dismissal for Plaintiff's failure to comply with Art. 50 of the New York State General Municipal Law.

Hon. Philip M. Halpern
November 19, 2025
Page 6

## **CONCLUSION**

For these reasons, Plaintiffs' SAC should be dismissed. We respectfully request a pre-motion conference with Your Honor to address the issues set forth herein.

If Your Honor has any questions or needs further information, please be advised that I will be out of the office from November 22, 2025 and returning the week of December 8, 2025.

Thank you for Your Honor's consideration of this submission.

Very truly yours,

Paul A. Sanders

PAS:DBC

cc:     All Counsel of Record (via CM/ECF)

32789707.1