

# ORANGE COUNTY DEPARTMENT OF LAW

**RICHARD B. GOLDEN**
COUNTY ATTORNEY

**Steven M. Neuhaus**
County Executive

**Carol C. Pierce**
*Deputy County Attorney*

**Municipal Law Division**

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Kelly M. Naughton *Chief Assistant – Local Municipal*
Joseph F. Mahoney      Donna M. Badura
William S. Badura       Lia E. Fierro
Marina V. O'Neill       Lisa M. James
Stephanie T. Midler     Cedric A. Cooper
Dante D. De Leo

**Family Law Division**

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
David S. Meffert *Chief Assistant – Juvenile Justice*
Peter R. Schwarz        Linda P. DaSilva
Stephanie Bazile        Ferol L. Reed-McDermott
Michael Rabiet          Karen A. Amundson
Tammy A. Delile         Eve I. Lincoln
Rebecca McGee           Lisa M. Morgillo
Stephen Toole

December 4, 2025

**<u>VIA ECF</u>**

Hon. Philip M. Halpern, U.S.D.J.
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    **Request for Conference - Pre-Answer Motion to Dismiss**
             *Stefany Cruz and Marisol Ordonez-Vargas v. Orange County, et al.*
             Case No.: 7:25-cv-00064 (PMH)

Dear Judge Halpern:

This office represents Defendant Orange County (the "County") in the above-referenced matter. I am writing to request a pre-motion conference in anticipation of moving to dismiss the Second Amended Complaint ("SAC") (Doc. No. 78) pursuant to Fed. R. Civ. P. Rule 12(b). The parties exchanged initial pre-motion letters in accordance with Section 4(C) of Your Honor's Individual Rules.

**Deliberate Indifference**

The SAC fails to state a claim for deliberate indifference to Plaintiffs' medical needs. The claim is based on defendants' alleged "fail[ure] to provide Plaintiffs with timely medical attention . . ." SAC at ¶ 154. But the SAC's own allegations undermine that assertion.

As to Plaintiff Stefany Cruz ("Cruz"), the SAC admits that Cruz had access to medical staff *upon her arrival* at OCCF. *See* SAC at ¶ 26 (alleging that Cruz "underwent a medical intake screening"). The SAC admits that Cruz received treatment. *Id.* at ¶ 31 (alleging that "OCCF officials gave [Cruz] an anti-cortisone and steroid cream to treat inflammation"). The SAC admits that Cruz had ongoing access to medical evaluation and treatment (including blood thinners, lab testing, an outpatient rheumatologist, lab work, and an emergency room visit), and that, upon release, Cruz was given "30 tablets total at 1mg each" of blood thinners. *See id.* at ¶¶ 33, 37, 42, 44, 47, 51.

As to Ordonez-Vargas, the SAC admits that, during her brief stay at OCCF, she was seen by multiple medical professionals regarding her nose and was given pain medication. *See id.* at ¶¶ 74, 77, 84, 89, 91.

Plaintiffs' disagreement with the *level* of medical care they received is insufficient to state a deliberate indifference claim. *See, e.g., Peachey v. Zayaz*, 23-CV-06409, 2024 WL 4932527, *4 (S.D.N.Y. Dec. 2, 2024) ("[A] difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference.") (internal quotations/citation omitted). Further, the medical treatment Plaintiffs are alleged to have received was *not* "woefully inadequate as to amount to no treatment at all." *See Ramsay-Nobles v. Keyser*, No. 16 Civ. 5778 (CM), 2019 WL 4383187, *30 (S.D.N.Y. Aug. 21, 2019).

Moreover, the SAC fails to allege an objectively serious medical need on the part of either Plaintiff.

### *Monell*

At the outset, the *Monell* claim against the County should be dismissed because Plaintiffs have failed to state a claim for the underlying constitutional violation. *See, e.g., Ventillo v. Falco*, 19-CV-03664 (PMH), 2020 WL 7496294, *14 (S.D.N.Y. Dec. 18, 2020). Regardless, the *Monell* claim must be dismissed for failure to state a claim.

The SAC attempts to allege a pattern and practice of inadequate medical treatment on the part of the County by alleging that the County "engag[es] private prison medical providers like Defendant NY Correct Care and YesCare to provide medically deficient treatment for a fraction of the cost." *See* SAC at ¶133. The SAC relies on several news articles, press releases, complaints, and other reports (collectively, "reports"). *See id.* at ¶¶ 135-40. These reports, which speak generally of alleged medical negligence and/or deficiencies at OCCF, are unrelated to Plaintiffs' claims of untreated lupus and a nasal fracture. Further, the reports fail to support the claim that the County had a pattern and practice of engaging private medical providers "to provide medically deficient treatment for a fraction of the cost." Further, the SAC does not sufficiently allege that the County had notice of the medical providers' alleged cost-cutting. This is especially true as to Plaintiff Ordonez-Vargas, as most of the reports were published *after* she was discharged from OCCF. Thus, there is no factual support for Plaintiffs' *Monell* claim against the County.

The SAC also relies on unrelated lawsuits for it *Monell* claim. *See* SAC at ¶¶ 141-48. Notably, the SAC does not allege that there was a finding of deliberate indifference to medical needs in any of those cases. Without more, references to these cases are patently insufficient to

plausibly allege a "sufficiently widespread practice" as required by *Monell*. *See, e.g., Taranto v. Putnam County*, No. 21-CV-2455 (KMK), 2023 WL 6318280, at *18 (S.D.N.Y. Sep. 28, 2023) (listing cases).

More fundamentally, the alleged "cost-cutting" policy is divorced from the specific claims alleged by each Plaintiff. The SAC does not contain factual allegations describing how the County's alleged "cost-cutting" impacted (let alone *caused*) the medical treatment received by the Plaintiffs. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 ("The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.") (emphasis in original).

Finally, to the extent the SAC alleges that the County deliberately replaced one "cost-cutting" medical provider with another "cost-cutting" medical provider, in an effort to continue a policy of providing "deficient" medical care at a cost savings, such assertion is absurd and completely unsupported by the non-conclusory factual allegations in the SAC.

### State Law Claims

The second, third, and fourth claims for relief, alleging negligence, gross negligence, and medical malpractice under state law, are time-barred.[1] As to Cruz, the notice of claim was untimely. *See* N.Y. Gen. Mun. Law § 50-e(1)(a). The SAC admits as much. *See* SAC at ¶ 8 (alleging that there is a pending petition "to deem this notice of claim as timely filed"). As to Ordonez-Vargas, this action was filed beyond the 1-year statute of limitations applicable to state law claims against a Sheriff or his deputies under CPLR § 215(1). Specifically, the SAC alleges that Ordonez-Vargas was released from OCCF on November 9, 2023, and this action was not filed until January 3, 2025. *See* SAC at ¶ 97; Doc. No. 1. Thus, the state law claims must be

---

[1] In their response to the County's initial pre-motion letter, Plaintiffs stated that the "…SAC does not include any claims for negligence or gross negligence against the County…" To the extent those claims are not alleged against the County, they are properly dismissed.

dismissed. *See Saccone v. Dubois*, 18 CV 1312 (VB), 2018 WL 4356735, at *5-6 (S.D.N.Y. Sep. 12, 2018) (dismissing negligence claims against Sheriff pursuant to CPLR § 215(1)). The state law claims must also be dismissed as to the County because the County is not liable for the acts of the Sheriff or his deputies. *See id.* at *6 (dismissing negligence claims against Orange County because County is not liable for the acts of the Sheriff or his deputies).

The negligence claims are also duplicative of the medical malpractice claim. *See Rice v. Vandenebossche*, 185 A.D.2d 336, 337 (2d Dep't 1992) ("When the duty owing to the plaintiff by the defendant arises from the physician-patient relationship or is substantially related to medical treatment, the breach thereof gives rise to an action sounding in medical malpractice as opposed to simple negligence."). The medical malpractice claim cannot be asserted against the County under a theory of *respondeat superior* as the SAC fails to allege that the County directly appointed the physician underlying Plaintiffs' claims. Rather, the SAC merely alleges that the County *contracted* with the third-party medical providers. *See* SAC at ¶ 152. "[A]s such, there is no basis to support an allegation that [the medical provider] was thereby acting as a County officer or employee sufficient to impute liability against the County based on *respondeat superior*. *See Flannery v. County of Niagara*, 763 F.Supp.3d 364, 440 (W.D.N.Y. 2025).

## Conclusion

For these reasons, and others not herein addressed due to space constraints, the County respectfully submits that the SAC should be dismissed in its entirety as against the County.

Respectfully submitted,

DANTE D. DE LEO
Assistant County Attorney

cc:    All Counsel of Record (*via* ECF)