

200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000   FAX: 914.449.1100   WWW.KBRLAW.COM

LISA FLEISCHMANN
DIRECT: 914-449-1089
LFLEISCHMANN@KBRLAW.COM

December 5, 2025

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

Re:   Ordonez Vargas v. Orange County et al.
      Case No.:      7:25-cv-00064-PMH
      KBR File No.:  973.002

Dear Judge Halpern:

We represent Defendant YesCare Corp. ("YesCare") in the above-referenced action. I write respectfully to request a pre-motion conference in anticipation of moving to dismiss the Second Amended Complaint ("SAC"). We have, in accordance with Rule 4(C) of this Court's Rules of Individual Practices in Civil Cases, exchanged letters with Plaintiffs' counsel regarding our intent to request the conference. Our Answer is due on December 9.

At the outset, and as the SAC reflects, YesCare began to provide medical services to the Orange County Correctional Facility ("OCCF") on January 1, 2025. However, the claims regarding Plaintiff Ordonez Vargas revolve around events occurring on or before November 9, 2023, the date she was discharged from custody (SAC ¶ 97). Thus, because YesCare was not providing services when the claims regarding Plaintiff Ordonez Vargas accrued, the SAC cannot plausibly state any claims against YesCare with respect to this Plaintiff's care. YesCare is therefore entitled to dismissal of all claims arising from acts or omissions occurring before January 1, 2025. Notably, all of the claims in the SAC are asserted with

respect to "All Plaintiffs," with the result that, as pleaded, the claims involving both Plaintiffs are directed to YesCare.[1]

We outline below additional grounds on which YesCare is entitled to dismissal pursuant to FRCP 12(b)(6).

<u>Claims of Deliberate Indifference to Medical Needs</u>

With respect to Plaintiff Cruz, the SAC fails to allege acts or omissions rising to the level of deliberate indifference to her medical needs pursuant to 42 U.S.C. § 1983 by YesCare, nor any personal involvement of any YesCare employee in the alleged deprivation of Plaintiff Cruz's constitutional rights.

The SAC alleges that on January 27, 2025, after the WellPath Defendants allegedly lost the results of Plaintiff Cruz's lab work, YesCare conducted lab work and shared those results with Plaintiff's outside provider (SAC ¶ 44). WellPath/YesCare allegedly did not provide Plaintiff Cruz with medication that had been prescribed on December 18, 2024 until January 29, 2025 (SAC ¶ 45). YesCare allegedly belatedly scheduled a follow-up appointment for Plaintiff with her specialist, despite the specialist's request for an earlier appointment, and then, after a hospital failed to conduct a kidney biopsy during an emergency visit on March 3, 2025, YesCare allegedly failed to schedule a kidney biopsy for Plaintiff Cruz, and she was released from custody on April 11, 2025 (SAC ¶¶ 47-51). The SAC alleges that when Plaintiff was released from custody, YesCare provided Plaintiff with a five- or six-day supply of blood thinners, whereas Plaintiff Cruz understood that she was entitled to a seven-day supply, and that because her insurance coverage did not commence until May and she waited until then to see a doctor, her lupus progressed (SAC ¶¶ 51-53).

These allegations fail to state a claim of deliberate indifference against YesCare. A plaintiff must show "something more than mere negligence" to establish deliberate indifference in the Fourteenth Amendment context. *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). "A detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants

---

[1] Should the SAC survive YesCare's motion to dismiss, YesCare will consider whether to move for an order of severance pursuant to FRCP 21 to avoid the prejudice to YesCare that would inevitably ensue.

KAUFMAN BORGEEST & RYAN LLP

*knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Charles v. Orange County*, 925 F.3d 73, 87 (2d Cir. 2019) (emphasis added).  Deliberate indifference requires, at a minimum, "culpable recklessness, i.e., an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm." *Id.* at 87 (cleaned up); see also *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

The SAC allegations, however, reflect, at most, belated action that does not rise to the level of recklessness.  Furthermore, where YesCare provided care, the mere disagreement over choice of treatment, or even a claim that negligence or medical malpractice has occurred, does not create a constitutional claim. *Estelle v. Gamble,* 429 U.S. 97, 105–06 (1976).

The deliberate difference claim fails for the additional independent reason that the SAC does not allege the personal involvement of any individual employed by or otherwise affiliated with YesCare.  Not a single YesCare provider is named with respect to the acts or omissions alleged with respect to the care that YesCare rendered to Plaintiff Cruz.  To establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation, see *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017); i.e., a plaintiff "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (internal quotations and citation omitted).  Here, however, the SAC does not state which individual committed which act or omission that allegedly deprived Plaintiff Cruz of care (SAC at ¶¶ 44-55, 180-84).  The SAC merely names WellPath employees and alleges, upon information and belief, that YesCare hired these employees (SAC at ¶ 18).  These allegations are clearly insufficient to support the personal involvement requirement for a claim of deliberate indifference under 42 U.S.C. § 1983.

Claims of Negligence, Gross Negligence, "Related
*Respondeat Superior* Claims" and Medical Malpractice

All state law claims should be dismissed because Plaintiffs failed to comply with N.Y. Gen. Mun. Law Article 50. Next, it is well-established that the doctrine of respondeat superior does not apply in a suit for money damages under Section 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991). Still further, the SAC fails to plausibly state any claim for negligence and medical malpractice. Among other things, the SAC does not indicate who at YesCare allegedly acted or failed to act, or the title or position of those individuals (a factor relevant to the standard of care), and the acts/omissions as alleged do not amount to "a substantial departure from accepted professional judgeest and that the evidence of risk was sufficiently obvious to infer the defendants' actual knowledge of a substantial risk to plaintiff." *Ruffin v. Deperio*, 97 F.Supp.2d 346, 354 (W.D.N.Y. 2000).

Moreover, the SAC fails to state a claim for gross negligence. Grossly negligent conduct consists of "intentional wrongdoing" or evinces "a reckless indifference to the rights of others." *Lubell v. Samson Moving & Storage, Inc.*, 307 A.D.2d 215, 216 (1st Dept. 2003). See *Colnaghi, U.S.A., Ltd. V. Jewelers Protection Services, Ltd.*, 81 N.Y.2d 821, 823 (1993). The SAC pleads no such conduct; rather it reflects allegedly belated action, and an alleged failure to provide one or two days' supply of blood thinners, none of which can be characterized as intentional wrongdoing. Moreover, the SAC's contention that YesCare's actions constitute a "gross deviation" (see SAC at ¶ 165) is conclusory and thus insufficient to state a case for relief. *Noto v. 22nd Century Group, Inc.*, 35 F.4th 95, 102 (2d Cir. 2022).

The *Monell* Claim

Finally, Plaintiffs have failed to plead a claim for relief against YesCare pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1986). To plead a *Monell* claim, a plaintiff must state (1) an official policy or custom that (2) causes the claimant to be subjected to (3) a denial of a constitutional right. *Id*., 690-91. The practice or policy must be "persistent and widespread," *Iacovangelo v. Correctional*

*Medical Care, Inc.*, 624 Fed.Appx. 10, 13-14 (2d Cir. 2015), and, at the pleading stage, must be supported by facts. *Maynard v. City of New York*, 2013 WL 6667681, at *4 (S.D.N.Y. Dec. 17, 2013).

Here, the SAC allegations regarding custom and policy and causation are pleaded in conclusory terms and are thus insufficient to state a *Monell* claim. Although Plaintiff Cruz alleges that YesCare's efforts were substandard, the allegations do not state facts to support the claim that those actions were taken pursuant to any official custom or policy of providing no care as a means of cutting costs, particularly where YesCare did, in fact, provide care, if, at times, allegedly belatedly. The SAC provides no specific examples of any such incident so as to create a pattern (see SAC ¶¶ 118-132). The SAC improperly attempts to bootstrap its claim by imputing Corizon's litigation history of Corizon to YesCare, but YesCare is a different entity that did not start providing services to OCCF until January 1, 2025. Even so, Plaintiffs provide no factually specific cases in which Corizon failed to expeditiously make appointments, or provided an inadequate supply of medication on discharge from custody, nor the results of any such claim. The SAC pleads in merely conclusory terms the causation element, that the alleged constitutional deprivation was caused by any custom or policy followed by YesCare. Thus, because the *Monell* claim against YesCare is premised on speculation and assumption and lacks specific factual support, the claim must be dismissed.

## Conclusion

For these reasons, YesCare respectfully submits that the SAC should be dismissed. We respectfully request a pre-motion conference to address the issues discussed above.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Lisa Fleischmann
Attorney for Defendant YesCare