UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEFANY CRUZ and MARISOL ORDONEZ
VARGAS,

                           *Plaintiff,*

       *v.*

ORANGE COUNTY (New York); WELLPATH,
LLC (Formerly Known As CORRECT CARE
SOLUTIONS MEDICAL SERVICES PC and/or
NEW YORK CORRECT CARE SOLUTIONS
MEDICAL SERVICES, PC); MATTHEW J.
DUNDON, Trustee of Wellpath Holdings, Inc.
Liquidating Trust; WELLPATH NY LLC;
YESCARE CORP., JOSEPH PATRICK
HARKINS; TENESHIA WASHINGTON, RN;
JILLIAN M BARONE, RN; MANDI LEE
ZACCAGNINO, NP; DOMINICK PIACENTE;
AND DOE DEFENDANTS 1-4,

                           *Defendants.*

Civil No.:
7:25-cv-00064-PMH

**PAUL A. SANDERS, ESQ.** declares the following under penalty of perjury:

1.      I am an attorney duly licensed to practice law before the courts of the State of New York and this Court. I am partner with the law firm of Barclay Damon LLP, attorneys for Defendants New York Correct Care Solutions Medical Services, P.C., Joseph Patrick Harkins, Teneshia Washington, RN, Jillian M. Barone, RN, Mandi Lee Zaccagnino, N.P. and Dr. Dominick Piacente (collectively "NYCCS Defendants").

2.      This Declaration is respectfully submitted in support of all Defendants joint motion to dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice, for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

1

50146032.1

3.      Plaintiffs commenced this action with the filing of their complaint in the Southern District of New York on January 3, 2025.  *See* CM/ECF Document ("Dkt.") No. 1.

4.      On January 24, 2025, this matter was stayed due to Wellpath, LLC's Bankruptcy proceedings.  *See* CM/ECF Dkt. No. 6.

5.      Plaintiffs filed their First Amended Complaint on July 30, 2025.  *See* CM/ECF Dkt. No. 28.

6.      Plaintiffs filed their Second Amended Complaint ("SAC") on November 6, 2025.  *See* CM/ECF Dkt. No. 78.

7.      Plaintiffs' SAC asserts the following federal claims;

- 42 U.S.C. § 1983 claims against all Individual Defendants; and

- 42 U.S.C. § 1983 *Monell* claims against NYCCS, YesCare and Orange County.

8.      Plaintiffs' SAC asserts the following state law claims:

- Negligence against all Defendants;

- Medical malpractice against all Defendants; and

- Gross negligence against all Defendants.

9.      On January 6, 2026 the Court granted defendants leave to move to dismiss and directed that each group of defendants shall serve a separate notice of motion and one consolidated brief.

10.      Defense Counsel respectfully submit this Declaration in support of the above-referenced Defendants' motion to dismiss Plaintiffs' SAC pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6), with prejudice.

11.      As explained in the accompanying Memorandum of Law, Plaintiffs fail to state a 42 U.S.C. §1983 claim for deliberate indifference against the Individual Medical Defendants

2

50146032.1

because the facts alleged if accepted as true do not established the deprivation of Plaintiff's constitutional or statutory rights. *See* Defendants' Memorandum of Law.

12.    Plaintiffs also fail to state a 42 U.S.C. § 1983 *Monell* claim against the Institutional Defendants because even if Plaintiff's allegations rise to the level of a constitutional or statutory violation, he fails to state facts establishing the existence of a policy or custom responsible for causing such constitutional or statutory violation, as required under *Monell. See* Defendant's Memorandum of Law.

13.    Likewise, Plaintiffs state law claims fail because Plaintiffs do not allege facts that amount to negligence, medical malpractice, or gross negligence. *See* Defendants' Memorandum of Law.

14.    Attached hereto as Exhibit "A" and "B" are true and correct copies of entries in Plaintiff Marisol Ordonez Vargas' OCCF medical records. Exhibit A depicts a note entered by Defendant Zaccagnino on October 12, 2023. Vargas incorporates this note into the SAC at ¶ 89. Exhibit B depicts a report of an x-ray of the nasal bones ordered by Defendant Piacente, and completed on October 12, 2023. Vargas incorporates this in the SAC at ¶ 84.

**WHEREFORE,** Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's Complaint in its entirety, and for such other and further relief the Court shall deem just and proper.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**DATED:**    February 20, 2026                                    *s/ Paul A. Sanders*

Paul A. Sanders, Esq.

3

50146032.1